IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Allen R. BREY, Attorney at Law.

Supreme Court

*No. 91–1824–D. Submitted on briefs September 15,
1992.—Decided October 14, 1992.*

(Also reported in 490 N.W.2d 15.)

For Allen R. Brey, there was a brief by *Daniel W.
Hildebrand* and *Ross & Stevens, S.C.,* Madison.

For the Board of Attorneys Professional Responsi-
bility there was a brief by *Gerald C. Sternberg,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's recommendation that Attorney Allen Brey, district attorney for Taylor county, be publicly reprimanded for professional misconduct. That misconduct consisted of District Attorney Brey's having met with a criminal defendant at the jail, knowing the defendant was represented by counsel and without that counsel's knowledge or consent, commenting to the defendant on his counsel's representation and discussing a plea bargain, denying that such meeting had taken place when joining in an application to the court for the appointment of a special prosecutor in the criminal action involving that defendant and denying that the meeting had taken place in three letters to the Board during its investigation of the grievance filed by the defendant's attorney. The Board took the position that Attorney Brey's professional misconduct warrants a license suspension of 60 days.

We agree. Attorney Brey's abuse of his authority as prosecutor seriously threatened to subvert the rights of a criminal defendant. Had the defendant not disclosed to his attorney the meeting he had with District Attorney Brey, the defendant might have entered into a plea agreement without the assistance of and possibly against the advice of his attorney. Moreover, in separate intentional acts, Attorney Brey made false representations to the circuit court and to the Board in order to prevent his misconduct from being discovered. The seriousness of that misconduct warrants discipline more severe than a public reprimand. Under the circumstances present, we impose a 60-day license suspension.

Attorney Brey was admitted to the practice of law in Wisconsin in 1984. Since 1985, he has served as dis-

trict attorney for Taylor county. He has not previously been the subject of a disciplinary proceeding. The referee is the Honorable Rodney Lee Young, reserve judge. The parties stipulated to the following facts, on which the referee made findings accordingly.

In October, 1988, District Attorney Brey charged a man with seven counts of criminal conduct related to theft from vending machines, possession of an electric weapon and possession of marijuana and an amphetamine. When arrested, the defendant could not raise the court-ordered bail and remained in jail for several months awaiting trial. District Attorney Brey was aware that the defendant was represented by an attorney throughout the criminal proceeding.

On March 1, 1989, District Attorney Brey went to the jail and had the jailer take the defendant from his cell to the jail library. There, with no one else present, District Attorney Brey met and spoke with the defendant concerning the pending criminal action. In the course of that conversation, District Attorney Brey expressed his opinion on the defendant's attorney's handling of the case and made settlement offers to the defendant. Further, District Attorney Brey told the defendant that if the defendant told anyone of that meeting, District Attorney Brey would deny it had taken place. District Attorney Brey knew he did not have opposing counsel's permission to meet with the defendant nor had he ever discussed with defense counsel the need to meet with the defendant.

Three weeks later, after the defendant told him of the meeting, the defendant's attorney moved the circuit court for an order barring District Attorney Brey from prosecuting the criminal action because of the meeting he had had with the defendant. Subsequently, in an application to the court for the appointment of a special

prosecutor to pursue the criminal action, District Attorney Brey denied the allegation that he had met with the defendant.

During the course of the Board's investigation of the grievance filed by the defendant's attorney concerning this matter, District Attorney Brey three times provided responses to the Board between May and August of 1989 in which he denied having had contact with the defendant as alleged by his attorney. Two years later, at the meeting of the professional responsibility committee investigating this matter, District Attorney Brey admitted that he had in fact met with the defendant as had been alleged.

The parties stipulated and the referee concluded that by meeting with the defendant and offering him a settlement of pending criminal charges without the defendant's lawyer being present and without his consent, when the district attorney knew the defendant was represented by counsel, District Attorney Brey violated SCR 20:4.2.[1] Additionally, he knowingly made a false statement of fact to the court, in violation of SCR 20:3.3(a)(1),[2] when he filed the application for appointment of special prosecutor in which he denied meeting with the defendant. Finally, by denying that meeting in his three letters to the Board, District Attorney Brey

---

[1]SCR 20:4.2 provides:

**Communication with person represented by counsel**
 In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

[2]SCR 20:3.3 provides:

**Candor toward a tribunal**
 (a) A lawyer shall not knowingly:
 (1) make a false statement of fact or law to a tribunal;

made a misrepresentation to the Board, in violation of SCR 22.07(2).[3]

We adopt the referee's findings of fact and conclusions of law. We do not, however, accept the referee's recommendation that Attorney Brey's misconduct be sanctioned by a public reprimand. The egregious nature of that misconduct requires more severe discipline.

District Attorney Brey used his prosecutorial power to approach a criminal defendant in a setting underscoring that defendant's vulnerability and attempted to undermine the defendant's confidence in the legal representation he had received. Obviously aware that he was violating the rule proscribing an attorney's contacting an opposing party known to be represented by counsel, District Attorney Brey told the defendant that he would deny the meeting took place if the defendant reported it to his attorney or to anyone else. Thereafter, in order to prevent his misconduct from becoming known, District Attorney Brey denied it, first to the circuit court and then on three separate occasions to the Board.

The serious nature of Attorney Brey's misconduct as a prosecutor in this matter and the potential for harm to the defendant that it presented render a public repri-

---

[3]SCR 22.07 provides:

**Investigation**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

mand insufficient response. More sever discipline is needed not only to impress upon Attorney Brey the need to scrupulously adhere to the rules of professional conduct in his position as prosecutor but also to deter him and others in similar positions from wielding their authority beyond the bounds of ethical conduct as prescribed by the court's rules.

The misconduct here would warrant a suspension longer than 60 days were it not for the referee's finding that Attorney Brey was convincingly sincere in his remorse for his misconduct and for the fact that he ultimately admitted to it. Moreover, although the potential for harm was great, Attorney Brey's misconduct did not result in any unfairness to this defendant in subsequent criminal proceedings.

IT IS ORDERED that the license of Allen R. Brey to practice law in Wisconsin is suspended for a period of 60 days, commencing November 16, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order Allen R. Brey pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Allen R. Brey to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Allen R. Brey comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.